

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/2025
```

**Office of the New York State**  
**Attorney General**

**Letitia James**  
**Attorney General**

April 11, 2025

**VIA ECF**
Honorable Nelson S. Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:   <u>Terrance Greene v. Commissioner Daniel F. Martuscello, Superintendent Marlyn Kopp, and C.O. K. Barnes</u>, 24 Civ. 5228 (NSR)

Dear Judge Roman:

    I am an Assistant Attorney General in the Office of Letitia James, Attorney General of the State of New York, and I have been assigned this case. Our office currently represents Marlyn Kopp (ECF #14), Daniel F. Martuscello, (ECF #17), and K. Barnes (ECF #19).

    By way of background, the Plaintiff originally filed a complaint in the action on July 9, 2024. (*see* ECF #1). Defendants requested leave to file a motion to dismiss the complaint, which was granted in an order on December 19, 2024. (*see* ECF #22). Pursuant to the Court's briefing schedule the Defendants served Plaintiff with their motion to dismiss the complaint on February 3, 2025. In lieu of opposing the Defendants' motion to dismiss, the Plaintiff submitted an amended complaint, including eight new John Doe (#1-8) defendants. (*see* ECF #36). Thereafter, the Defendants requested an extension of time to file a second motion to dismiss the amended complaint. (*see* ECF #33). The Court granted the extension of time for Defendants to file their second motion to dismiss Plaintiff's amended complaint. (*see* ECF #35). On March 26, 2025, consistent with the Court's briefing schedule, the Defendants served the Plaintiff with their second motion to dismiss the complaint.

    On March 31, 2025, the Plaintiff submitted a letter to the Court requesting a *Valentin* Order be issued to identify the John Doe #1-8 prospective defendants. (*see* ECF #37). On April 10, 2025, the Court granted the Plaintiff's *Valentin* Order and instructed the Defendants to identify the John Doe #1-8 defendants within sixty (60) days. (*see* ECF #38).

    As a preliminary matter, the Defendants acknowledge their obligation and take no issue with the substance of the Court's order pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 77 (2d Cir. 1997), in identifying the John Doe defendants. However, the Defendants are seeking a stay of the time frame to comply with the Valentin order until *after* the Court renders a decision on the pending second motion to dismiss the amended complaint.

**MEMO ENDORSED**

When deciding whether to grant a stay, courts consider five factors:

(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Diatek Licensing LLC v. Estrella Media, Inc.*, No. 22-cv-3508 (LJL), 2022 U.S. Dist. LEXIS 181724, at * 2-3 (S.D.N.Y. Oct. 4, 2022) (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

First, the Plaintiff will not be prejudiced in this case because he has already been given leave to amend his complaint once in this action, when he filed an amended complaint in lieu of responding to the Defendants' first motion to dismiss. *See Thompson v United States*, 795 F App'x 15, 17 [2d Cir 2019] (holding a pro se plaintiff should be granted leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated but leave to amend need not be granted where amendment would be futile). Furthermore, the *Valentin* order is a procedural device, it is intended to allow the plaintiff specificity in the identification of the individuals who are alleged to be tortfeasors in the complaint. However, there is no material difference – and thus no prejudice to the Plaintiff - between a claim against "John Doe #1" or "Ted Lasso[1]" because the substance of the complaint and not the entity's names are considered vis-à-vis whether a constitutional claim is plead.

Second, the Defendants would be burdened in this case because Plaintiff would continue to be afforded the opportunity to cherry pick the drafting of his complaint to eventually state constitutional violations without facing the consequence of the motion to dismiss. As noted, Plaintiff has had the benefit of reviewing two of Plaintiff's motions to dismiss, and the opportunity to draft a second amended complaint, without the determination on the merits of previously filed motions prejudices the defendants. Moreover, time and resources would be wasted in attempting to locate and identify all eight John Does when in practicality claims may be dismissed as to some or all of them upon due consideration of the motion to dismiss.

Third, judicial economy is best served by a decision being reached on Plaintiff's amended complaint. Plaintiff has already been given leave to amend, by filing the amended complaint in lieu of an opposition to Defendants' first motion to dismiss, and thus should the Court decide the second motion to dismiss on its mertis the Court may determine that some of Plaintiff's claims are futile. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quotation marks omitted). But "it is proper to deny leave to [amend] where there is no merit in the proposed amendments or amendment would be futile." Generally, a district court should first assess the merits of the claims made in the pleading. *See Washington Westchester Cty. Dep't of Corr.*, No. 13 Civ. 5322 (KPF), 2015 U.S. Dist. LEXIS 10886, 2015 WL 408941, at *6 (S.D.N.Y. Jan. 30, 2015) (considering a motion to dismiss prior to issuing a *Valentin* order). As such, a determination on the merits of the second motion to dismiss could make the Valentin order moot to some or all of the John Doe defendants, which would save Defendants time and cost in identifying those individuals, and streamline the remainder of the litigation for the Court.

Fourth, the interest of the non-parties to this litigation, in this case the presently unidentified John Does #1-8 would best be served by determining which of them will remain in this action. Right now, a search would need to be conducted for eight potential defendants, all of whom would then need to be served, and request representation, prior to the consideration of the motion a third time. That would result in a several month delay, and may ultimately result in those individuals being dismissed from the action

---

[1] For the purposes of the letter motion a random name was used in this example as a potential identified John Doe.

anyway. As explained, the difference in the name used to identify the alleged perpetrators does not affect the decision on the merits of those claims.

Fifth, 'considerations of judicial economy are frequently viewed as relevant to the public interest [and] weigh against the investment of court resources that may prove to have been unnecessary.' *Readick v Avis Budget Group, Inc.*, 2014 US Dist LEXIS 58784, at *15 [SDNY Apr. 25, 2014]." *Calliste v City of NY*, 2024 US Dist LEXIS 194987, at *6 [SDNY Oct. 22, 2024, No. 1:24-CV-04016-JHR]. For the reasons stated above the judicial economy in more quickly determining which Defendants, if any, would remain in the instant action, and streamlining the future litigation in the action would benefit staying the *Valentin* order until it is resolved.

Defendants are requesting the Court continue with the briefing schedule as outlined in the February 25, 2025, order, and render a decision on Plaintiff's amended complaint on its merits. (*see* ECF #35). Furthermore, the Defendants are requesting the Court stay the time frame to respond to the *Valentin* order, until after the Court has ruled on the merits of the Defendants' second motion to dismiss Plaintiff's amended complaint.

Respectfully submitted,

*Robert Feliu*
Robert Feliu
Assistant Attorney General
(914) 422-8768
Robert.Feliu@ag.ny.gov

cc:  Terrance Greene, *Plaintiff*
DIN: 24701692
Essex Correctional Facility
354 Doremus Avenue
Newark, NJ, 07105
Pro Se

**The Court is in receipt of Defendants' request for a stay of the *Valentin* order pending resolution of the motion to dismiss. Defendants' request is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 39 and to mail a copy of this endorsement to *pro se* Plaintiff at his address as it is listed on ECF and to show service on the docket.**

**Dated: April 15, 2025**
**White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In the Matter of
Terrance Greene,

                    Plaintiff,

                 v.

Commissioner Daniel F. Martuscello, Superintendent
Marlyn Kopp, and C.O. K. Barnes
                    Defendants.
---------------------------------------------------------------X

**Affidavit of Service**

Case No. 24 – CV – 5228 (NSR)

Hanna Arias, being duly sworn, deposes and says:

I am over eighteen years of age, not a party to the action, and employed in the Office of the Attorney General of the State of New York.

On the 11th day of April 2025, I served a copy of a Letter to Stay Valentin Order on the following named person(s):

        **Terrance Greene**
        *Pro Se*
        DIN: 24701692
        Essex Correctional Facility
        354 Doremus Avenue
        Newark, NJ, 07105

the address designated by said person(s) for that purpose by depositing a true copy of same in a first class post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of United States Post Office Department within the State of New York.

Sworn to before me this 11th
day of April 2025

                                          HANNA ARIAS

Robert Feliu
Assistant Attorney General