USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/20/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRANCE GREENE,

                 Plaintiff,

        -against-

DANIEL MARTUSCELLO ET AL.,

                Defendants.

24-CV-5228 (NSR)

ORDER GRANTING REQUEST FOR
PRO BONO COUNSEL

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Terrance Greene has filed an Application for the Court to Request Counsel. (ECF No. 63.) For the following reasons, Plaintiff's application is granted.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

### DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order dated September 7, 2024, ECF No. 7.) When Plaintiff filed his Application for the Court to Request Counsel, Plaintiff was incarcerated, and had been since the commencement of this action, and his financial status had not changed. (*See* Application for the Court to Request Counsel, ECF No. 63.) Plaintiff therefore qualifies as indigent.

In his Amended Complaint, Plaintiff asserted claims pursuant to Section 1983, alleging violations of his Eighth Amendment right to adequate medical care. Plaintiff further alleged a

2

constitutional violation arising from a falsified misbehavior report. (*See* Amended Complaint, ECF No. 36.)

Following motion practice, the Court upheld the claims against John Does #1 and #5 and dismissed without prejudice the claims against the remaining defendants and granted Plaintiff leave to file a Second Amended Complaint. (ECF No. 54.) Following this Order, which also directed the Government to identify the John Does #1 and #5 pursuant to *Valentin*, pro se Plaintiff informed the Court that he will not be filing a Second Amended Complaint and will proceed only with the surviving claims against John Does #1 and #5. (ECF No. 58.) Thus, because Plaintiff's Eighth Amendment claims implicating deliberate indifference standards against two defendants have survived a motion to dismiss, the Court finds that Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d 61-62.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. For example, Plaintiff points to a decent amount of documentary evidence as well as excessive delays in receipt of mail in his current facility. *See* ECF No. 63. Further, absent legal aid, Plaintiff has no meaningful ability to proceed with depositions, cross-examination, or any proper discovery. Lastly, the issues in this case are not terribly complex and can be resolved more efficiently through pro bono counsel, even if limited to assisting Plaintiff with completing the discovery process. The Court thus finds representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is granted. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at

a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at his address on the docket, to file proof of service, and to terminate the motion at ECF No. 63.

SO ORDERED.

Dated:    February 20, 2026
          White Plains, New York

NELSON S. ROMÁN
United States District Judge

4