PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Jacob Apkon**
**Direct Dial:** +1 212 373 2872
**Email:** japkon@paulweiss.com

Brussels
Hong Kong
Houston
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

MEMO ENDORSED

August 31, 2026

The Honorable Victoria Reznik
The Hon. Charles L. Brieant Jr.,
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re: *Terrance Greene* v. *Avwurhi Akarumeh, et al.*, No. 24 Civ. 5228 (NSR) (VR)

Dear Judge Reznik:

Plaintiff and Defendant Avwurhi Akarumeh jointly submit this letter in response to the Court's August 11, 2026 Order, ECF No. 95, regarding Defendant Akarumeh's letter-motion requesting that the Court enter a non-standard confidentiality stipulation and protective order, ECF No. 94. The parties met and conferred on August 13, 2026 and, following Plaintiff's redlining of Defendant's proposal submitted to the Court, three paragraphs remain in dispute: Paragraphs 5, 7, and 24.

The Parties respective positions are outlined below. Defendant Akarumeh's proposed order is attached as Exhibit A, Plaintiff's proposed order is attached as Exhibit B, and a redline between the two is attached as Exhibit C.

**Plaintiff's Position**

**Paragraph 5.** Because this action centers around Plaintiff's injury and subsequent treatment while incarcerated at Sing Sing Correctional Facility, Plaintiff's medical, mental health, and/or disciplinary records, and/or records of his treatment and confinement are likely to be some of the most critical evidence produced. And because these are Plaintiff's own records, he is entitled to review them in prosecuting his case. Accordingly, Plaintiff proposed language making clear that these records cannot be designated Attorney's Eyes Only. While Defendant generally opposes this revision, he cites only non-specific and theoretical "safety or security implication[s]" stemming from Plaintiff's review of his disciplinary records only; Defendant has articulated no specific reason to prevent Plaintiff from reviewing his own records.

**Paragraph 7.** Defendant's proposal would allow him to redact PII "concerning any employee of DOCCS" who did not authorize its release from "personnel, health care or mental health records." That is overbroad. For example, Defendant's proposal appears to allow Defendant, if he does not execute an authorization, to redact his own name from his own personnel records. Likewise, any employee of DOCCS involved in the events at issue could shield themselves from identification simply by refusing to authorize disclosure of their PII. Permitting these sorts of overbroad redactions would significantly hamper both Plaintiff's and his counsel's ability to understand the evidence produced in this case. Accordingly, Plaintiff's proposal would not allow the redaction of names or identifying information for the parties or other DOCCS employees who treated, examined, supervised, or otherwise interacted with Plaintiff in connection with the events at issue. Defendant's ability to designate records as Confidential and/or Attorney's Eyes Only, along with the parties' ability to redact personal information from court filings, *see, e.g.*, Reznik Individual Practice 5.A; Román Individual Practice 4.A, sufficiently protects these individuals' interests in their identifying information.

**Paragraph 24.** Defendant seeks to include a standalone paragraph stating that Plaintiff's counsel may not share Attorney's Eyes Only material with "any current or former incarcerated individual, including Plaintiff." *See* Ex. A ¶ 24. But both parties have already agreed to Paragraph 16, which enumerates the full universe of those to whom Attorney's Eyes Only material may be disclosed. Because Defendant's Paragraph 24 adds nothing beyond the agreed-to Paragraph 16, it should be excluded. Inclusion of Defendant's Paragraph 24 would burden Plaintiff by requiring his attorneys to first confirm that every otherwise valid recipient of Attorney's Eyes Only material is not a "former incarcerated individual."

**<u>Defendant Akarumeh's Position</u>**

**Paragraph 5.** Defendants object to the edits outlined in paragraph #5 because defendants believe it is overbroad. While ordinarily the Plaintiff's medical and mental health records would not be marked as Attorney Eyes Only there is a possibility that Plaintiff's disciplinary or broadly characterized "records" could be included in types of records that have a safety or security implication. Therefore, even if Plaintiff is referenced in such a record the information is not something he can freely examine. The proposed edit goes too far in categorically denying DOCCS the ability to designate in the first instance as the producing party if the document could be considered Plaintiff's record.

**Paragraph 7.** Defendants object to the edits outlined in paragraph #7 because DOCCS has an interest in protecting the personal identifying information of third parties, both DOCCS staff and other incarcerated individuals. Plaintiff has clearly placed his physical condition at issue in this case. However, no other incarcerated individual has done so merely by being

involved in an incident with the Plaintiff. Thus, their health information, crime and punishment information, DOB, DIN, SSN, and other information all warrant protection unless or until they authorize such disclosure. Additionally, any DOCCS party or non party's personal information including addresses, employee IDs, insurance information, etc. all bear on similar safety and security concerns and are irrelevant to the litigation.

**Paragraph 24.** Defendants object to the edits – deletion – of paragraph #24 because it is essential to defining the scope of disclosure of attorney eyes only material. First, as a preliminary matter, Plaintiff's counsel is not challenging the content of Paragraph #16 or the notion that Plaintiff cannot review or possess Attorneys' Eyes Only documentation. Thus, the only determination is if counsel is prejudiced by the inclusion of paragraph #24 which they are not. While paragraph #16 does list those who can possess the records, paragraph #24 makes clear that Plaintiff, nor any other incarcerated or former incarcerated individual, is among those that cannot view the material. Paragraph #16 on its own is silent as to whether parties not delineated on the list can view or possess the material. However, Paragraph #24 makes clear Plaintiff is forbidden from reviewing such materials with that designation. Paragraph #24 serves to complete the scope of disclosure partially referenced in paragraph #16. Given the safety, security, personnel, or other concerns in the potential scope of documents to be disclosed in the case Defense counsel believes being clear is necessary.

Defendant submits that DOCCS as a corrections agency and institution containing valid penological, security and safety concerns concerning its records and documents should be permitted in the first instance latitude to designate documents it reasonably believes are either confidential material or attorneys' eyes only. In fact, the stipulation allows for either party that produces a record or document to initially decide its designation. As always, either counsel retains the right under this stipulation, and the F.R.C.P., to meet and confer should they dispute a documentary designation and ultimately seek judicial intervention.

Respectfully submitted,

/s/ Jacob Apkon

Jacob Apkon

Attachments

cc: All Counsel of Record (via ECF)

/s/ Robert Feliu

Robert Feliu

Having reviewed the parties' joint status letter and their respective proposed version of the protective order, the Court makes the following modifications to the three paragraphs of the protective order currently in dispute.

Paragraph 5: The Court accepts Plaintiff's proposed language to the following extent: "provided, however, that neither Defendants nor any third party may designate Plaintiff's medical or mental health records as Attorney's Eyes Only." The Court deletes references to "disciplinary records, and/or records of his treatment and confinement" as overbroad. Defendants do not dispute that Plaintiff is entitled to review his own medical and mental health records. But Plaintiff's "disciplinary records and/or records of his treatment and confinement" could encompass other types of records that mention Plaintiff, but include information that would ordinarily not be shared with an incarcerated person, raising potential safety or security concerns. The Court finds it would be premature to determine that Defendants should be precluded from designating any such records as Attorney's Eyes Only. Should a dispute arise over an Attorney's Eyes Only designation, under Paragraph 10, a party may raise the issue with the Court.

Paragraph 7: The Court accepts a modified version of both parties' proposed language to the following extent. Defendant's proposed language is accepted, except for the reference to "names" in the first sentence of Paragraph 7. Plaintiff's proposed language is accepted, except for the reference to "or identifying information" in the second sentence of Paragraph 7. Disclosing the "names" of parties or potential witnesses is generally appropriate in discovery. But the redaction of other "identifying information," such as residence addresses, Social Security numbers, etc., complies with Local Civil Rule 5.2 and Fed. R. Civ. P. 5.2 concerning the disclosure of personally identifying information.

Paragraph 24: The Court accepts Defendant's proposed language as it merely clarifies the scope of disclosure of Attorney's Eyes Only material. The Court disagrees with Plaintiff's contention that requiring attorneys to confirm that valid recipients of Attorney's Eyes Only material is not a "former incarcerated individual" would be burdensome, given the potential safety or security concerns relating to documents in this case.

Attached to this memo endorsement is a protective order reflecting the above modifications. The parties may submit an executed version for the Court to enter by **September 15, 2026**. The Clerk of Court is respectfully directed to close the gavel on ECF No. 94.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 9/4/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRANCE GREENE,

Plaintiff,

- against -

AVWURHI AKARUMEH, and
JUSTIN LOUISSAINT,

Defendants.

24-CV-5228 (NSR)

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

IT IS HEREBY STIPULATED, AGREED, and ORDERED that the following restrictions and procedures shall apply to the information, testimony, and documents produced by the Parties, and as appropriate, non-parties, in this action:

1. As used herein, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2. As used herein, the term Personally Identifying Information ("PII") includes any representation of information that permits the identity of an individual to whom the information applies to be reasonably inferred by either direct or indirect means (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft). PII exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

3. As used herein, the term Confidential Material shall mean:

a. Documents produced from the records of the New York State Department of Corrections and Community Supervision ("DOCCS") and the information contained therein, the disclosure of which Defendants or DOCCS reasonably believe would jeopardize correctional or institutional safety, security or good order, or which contain information that is confidential under state or federal law;

b. Documents and information containing personal health or disability information of any Party hereto, or any other person, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and records disclosed by a Party or Non-Party pursuant to any Authorization to Release Medical Records executed by the Plaintiff in this action;

c. Documents and information containing mental health or psychiatric information of any Party hereto, or any other person, including but not limited to documents and information covered by HIPAA and records disclosed by a Party or Non-Party pursuant to any Authorization to Release Psychotherapy Notes executed by the Plaintiffs in this action;

d. Documents and information containing the sealed arrest information of any Party hereto, or any person;

e. Documents and information relating to the private, personal, and non-public information of Non-Parties to the Litigation; and

f. Discovery materials that the Court directs to be produced as Confidential subject to this Protective Order.

4. Any party or, as appropriate, non-party may designate documents and witness testimony as Confidential Material.

5. Any party or, as appropriate, non-party may further designate as "Attorney's Eyes Only" any Confidential Material in the following categories:

a. Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

b. Health care (including, but not limited to, drug or substance abuse records), mental health care, and labor relations records that contain PII concerning any employee of DOCCS, any

incarcerated individual in the custody of DOCCS, or any person subject to community supervision by DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced, and provided that, for any records that constitute law enforcement disciplinary records as defined in NYS Public Officers Law ("POL") § 86, such records shall be redacted consistent with obligations under POL §§ 89 and 96;

c. Personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counseling, which would not otherwise be subject to a public right of access under the Freedom of Information Law ("FOIL"), Article 6 (Sections 84-90). Further, provided that, for any records that constitute law enforcement disciplinary records as defined in POL § 86, such records shall be redacted consistent with obligations under POL §§ 89 and 96;

d. Directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are not publicly available and are classified as "D" within the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

e. DOCCS training materials that are not publicly available and refer to or concern correctional, community supervision or institutional safety, security, or good order; and

f. Any other records, photographs, videos, maps, diagrams or materials that Defendants believe would compromise the safety or security of a DOCCS facility or office if disclosed to an incarcerated individual in the custody of DOCCS and/or the general public;

provided, however, that neither Defendants nor any third party may designate Plaintiff's medical or mental health records as Attorney's Eyes Only.

6. Transcripts of depositions taken in this Action, together with any exhibits, will be treated as Confidential Material and Attorney's Eyes Only in their entirety for thirty (30 days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30 day period, any party or, as appropriate, non-party may

designate as Confidential Material and/or Attorney's Eyes Only, consistent with the meaning of what is described in Paragraphs 3 or 5 herein, specific portions of the transcript, by page and line, together with any deposition exhibits which contain Confidential Material referred to therein. Such designations must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material or Attorney's Eyes Only. Nothing contained herein shall remove a previous Confidential Material or Attorney's Eyes Only designation from any exhibit mentioned, referenced, marked, identified or otherwise utilized during the deposition. Nothing shall prevent a deponent from reviewing their deposition testimony sooner than thirty (30) days after the taking of their deposition or the delivery of their deposition transcript.

7. Notwithstanding the treatment as Confidential Material or Attorney's Eyes Only, with respect to personnel, health care or mental health care records that contain PII concerning any employee of DOCCS or any incarcerated individual in the custody of DOCCS, it is understood that the residence addresses, employee insurance information, Social Security numbers, NYSID and FBI numbers and/or Department Identification Numbers ("DIN") of any employee, incarcerated individual, or other person who has not provided Defendants with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by Defendants or non-parties in this case. For the avoidance of doubt, this paragraph does not authorize the redaction of the names of the Parties or DOCCS employees who treated, examined, supervised, or otherwise interacted with Plaintiff in connection with the events at issue.

Nothing in this paragraph authorizes the withholding or redaction of otherwise discoverable information.

8. An inadvertent failure to designate documents as Confidential Material or Attorney's Eyes Only material may be corrected by supplemental written notice given as soon as practicable.

9. To the extent any party or, as appropriate, non-party, or their counsel, obtained copies of documents described in Paragraphs 3 or 5 herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter as Confidential Material or Attorney's Eyes Only.

10. In the event a party challenges another party's or a non-party's designation of Confidential Material and/or Attorney's Eyes Only, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. If an application to the Court is made, the Court's procedures for resolving discovery disputes shall be followed. Material designated as Confidential Material and/or Attorney's Eyes Only shall be treated as such until either the parties agree or the Court rules otherwise. Nothing in this Protective Order constitutes an admission by any party or non-party that Confidential Material disclosed in this action is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Material.

11. Confidential Material or Attorney's Eyes Only material produced pursuant to the terms of this Stipulation and Protective Order shall be utilized by the receiving party

and their counsel solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

12. Confidential Material and Attorney's Eyes Only designated material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by a Court.

13. As for Confidential Material only, counsel may allow Plaintiff or Defendants to view and inspect Confidential Material as necessary to prosecute or defend this action. However, Plaintiff and Defendants shall not retain copies of Confidential Material.

14. The parties shall not disclose Confidential Material to any person not a party, a member of the staff of the parties' attorneys' offices, or temporary employees or service vendors (including outside copying and litigation support services), except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or presentation of each party's case in this action, or trial of this action, or any appeal thereof.

b. Disclosure before trial may be made only to:

i. An expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for this action, or any of their, or their firms', staff;

ii. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

iii. A witness at deposition;

iv. The Court, including court personnel; and

v. Any other person agreed to by the producing party.

c. Before any disclosure is made to a person listed in subparagraph (b)(i) above, the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order and such person shall consent in writing, in the Certification annexed hereto, not to use the Confidential Material for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Material except in testimony taken in this case. The signed consent shall be retained by counsel for the party disclosing the information.

15. If an individual employee of DOCCS in the ordinary course of performing their daily job duties, unrelated to this litigation, discloses records containing any of the Confidential Material listed in Paragraphs 3 or 5 of this Order, such discovery and/or disclosure shall not be deemed a violation or waiver of this Order.

16. The disclosure of Attorney's Eyes Only material shall be limited to:

a. The producing party;

b. Attorneys for any receiving party, including members of the staff of their offices (including temporary employees), or their service vendors (including outside copying and litigation support services);

c. An expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for this action, or any of their, or their firms', staff;

d. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

e. The Court, including court personnel; and

f. Any other person agreed to by the producing party.

Before any disclosure is made to a person listed in subparagraph (c) above, the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order and such person shall consent in writing, in the Certification annexed

hereto, not to use the Attorney's Eyes Only materials for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Attorney's Eyes Only materials except in testimony taken in this case. The signed consent shall be retained by counsel for the party disclosing the information.

17. Confidential Material or Attorney's Eyes Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over counsel, provided, however, that in the event that counsel intends to produce documents containing Confidential Material or Attorney's Eyes Only material or that contain Confidential Material or Attorney's Eyes Only material obtained from such documents in response to such order, counsel shall serve notice of such order upon the producing party, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give the producing party the opportunity to seek a protective order against such production.

18. Except as consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential Material produced by a Defendant shall not be released or disclosed in any manner to any person who is or was an incarcerated individual in the custody of DOCCS, except the Plaintiff. Disclosure of Confidential Material to the Plaintiff shall be subject to Paragraph 13 above.

19. The Confidential Material or Attorney's Eyes Only material shall not be disclosed in open court without first affording the producing party an opportunity to contest disclosure and/or admissibility of such Confidential Material or Attorney's Eyes Only material.

20. If any Party or, as appropriate, non-party intends to file with the Court any papers that attach, enclose, or contain Confidential Material or Attorney's Eyes Only material (as defined in this Stipulation and Protective Order), and the producing party's attorneys do not provide consent in writing, the filing party shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion.

21. If any Party or, as appropriate, non-party, intends to disclose Confidential Material during any hearing or trial before the Court, including through argument, filings, or the presentation of evidence, such Party or, as appropriate, non-party, may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Material.

22. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this action, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure. However, nothing herein shall be deemed to waive the right of the receiving party to dispute the producing party's claim of privilege.

23. Within sixty (60) days of the conclusion of this Action, including appeals, each party and their counsel shall either return all Confidential Material and/or Attorney's Eyes Only material, and any copies thereof, in their custody, possession or control and any documents containing Confidential Material and/or Attorney's Eyes Only material, in

whole or in part, and any copies made therefrom or shall notify the producing party in writing that all such material has been destroyed. Notwithstanding the foregoing, counsel may retain: (1) attorney work product that refers to or relates to Confidential Material and/or Attorneys' Eyes Only material and (2) copies of all documents filed with the Court, including documents filed under seal. Any retained Confidential Material and/or Attorney's Eyes Only material will continue to be protected by this Stipulation and Protective Order.

24. As for Attorney's Eyes Only material, Plaintiffs' counsel may not show or provide copies of Attorney's Eyes Only material to any current or former incarcerated individual, including Plaintiff, nor may they discuss or otherwise disclose the contents of Attorney's Eyes Only material with any current or former incarcerated individual, including Plaintiff.

25. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in Paragraphs 3 and 5 herein. Dated:

__________________

| | |
|---|---|
| ____________________________ | ____________________________ |
| Jacob Apkon<br>1285 Avenue of the Americas<br>New York, NY 10019<br>(212) 373-3000<br>japkon@paulweiss.com | Robert C. Feliu<br>New York State Attorney<br>General's Office<br>44 South Broadway, 5th Floor<br>White Plains, NY, 10601 |
| *Attorney for Terrance Greene* | *Attorney for Avwurhi Akarumeh* |

**SO ORDERED:**

Dated: ___________________

Hon. Victoria Reznik

**CERTIFICATION**

I certify my understanding that Confidential Material and/or Attorney's Eyes-Only material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in *Terrance Greene v. Avwurhi Akarumeh and Justin Louissaint*, 24-CV-5228 (NSR) currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material and/or Attorney's Eyes-Only material, including but not limited to any notes or other transcriptions made of Confidential Material and/or Attorney's Eyes Only material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: ____________________

________________________________
SIGNATURE

________________________________
PRINT NAME

________________________________

________________________________
ADDRESS

________________________________
TELEPHONE NUMBER